d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHELLE BARTON and WILLIAM BARTON, JR., individually and on behalf of a class of similarly situated persons, Plaintiffs | CIVIL ACTION NO. 1:22-CV-00263 |
| VERSUS | JUDGE JOSEPH |
| DRESSER, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(6) Motion to Dismiss (ECF No. 47) filed by Defendant the Louisiana Department of Environmental Quality ("LDEQ"). LDEQ asserts that Plaintiffs Michelle Barton and William Barton, Jr., individually and on behalf of a class of similarly situated persons (collectively, "Plaintiffs") fail to state a claim against them. Plaintiffs oppose. ECF No. 49.

Because Plaintiffs allege plausible claims of negligence against LDEQ, LDEQ's Rule 12(b)(6) Motion to Dismiss (ECF No. 47) should be DENIED.

I. **Background**

On June 11, 2020, Plaintiffs brought this class action in the Nineteenth Judicial District Court, Parish of East Baton Rouge, naming LDEQ as a Defendant. ECF No. 1-2. Plaintiffs seek damages on behalf of themselves and a proposed class of similarly situated owners, renters, and residents whose property was allegedly contaminated by a toxic release of chlorinated compounds, including

Trichloroethylene ("TCE").  Plaintiffs allege that the contamination resulted from the operations of Dresser, L.L.C. ("Dresser") and Baker Hughes Holdings, L.L.C. ("Baker Hughes") (collectively, "Dresser's") industrial valve manufacturing facility in Pineville, Louisiana.

Plaintiffs allege LDEQ negligently failed to provide timely notice as required under Louisiana Administrative Code, Title 33, Part 1, Section 109, and that LDEQ negligently failed to inspect and monitor the facility to ensure proper disposal of hazardous waste as required under state law.  Plaintiffs also seek certification of a class under Louisiana Code of Civil Procedure article 591, *et seq.* ECF No. 1-2.

On July 10, 2020, Plaintiffs amended the action to bring claims against Dresser for negligence, negligence per se, trespass, strict liability, and violations of the Louisiana Groundwater Act.  ECF No. 1-3.  Plaintiffs seek money damages for diminution in value and other alleged harms, remediation damages, civil penalties, and medical monitoring.

On August 5, 2020, Dresser removed the action to the United States District Court for the Middle District of Louisiana.  ECF No. 1.  Dresser removed under the Class Action Fairness Act's ("CAFA's") expanded jurisdiction of minimum diversity under 28 U.S.C. § 1332(d)(2).[1]  ECF No. 1 at 3.

---

[1] The Bartons are citizens of Louisiana, domiciled in Rapides Parish. ECF No. 1 at 3. The citizenship of the purported other members is unknown. *Id.* LDEQ is a regulatory agency and a subdivision of the State of Louisiana. *Id.* Dresser is a limited liability company ("L.L.C.") and wholly owned subsidiary of Baker Hughes. *Id.* Baker Hughes is a L.L.C.. Its members are:

   a.   GE Oil & Gas US Holdings I, Inc., a Delaware corporation with its principal place of business in Ohio.

Upon motion by Dresser, and in the interest of justice and judicial efficiency, the action was transferred to this Court. ECF Nos. 17, 30.

LDEQ now seeks dismissal under Rule 12(b)(6) for Plaintiffs' failure to state a claim against it. ECF No. 47. Plaintiffs oppose. ECF No. 49.

II. Law and Analysis

    A. **Plaintiffs' allegations must raise a plausible right to relief against LDEQ.**

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[2] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right

---

    b.    CFC Holdings, L.L.C., which is wholly owned by EHHC NewCO L.L.C. ("EHHC"). EHHC is wholly owned by Baker Hughes Company, a Delaware corporation with its principal place of business in Texas.

ECF No. 1 at 2-3. Defendants further allege that the value of damages claimed exceeds the $5,000,000 aggregate. *Id.* at 3. LDEQ is not a "citizen" under CAFA for diversity purposes and its presence does not affect CAFA's minimal diversity requirement to exercise jurisdiction. This court has diversity jurisdiction under CAFA.

[2] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

### B. Plaintiffs state plausible negligence claims against LDEQ.

LDEQ argues Plaintiffs must establish that it owed them a duty in tort as a basis for their claims. ECF No. 47-1. LDEQ states that any shift of financial responsibility for pollution from Dresser to DEQ is contrary to Louisiana law. *Id.* at 1. Although Louisiana law allows LDEQ to regulate remediation of contaminants and to require or provide for public notice of contamination, no mechanism provides for LDEQ to pay Plaintiffs' damages on account of a private profit-making venture's alleged contamination – here, Dresser. *Id.* at 4-6.

LDEQ asserts this case is in procedurally the same posture as *Butler v. Denka Performance Elastomer, L.L.C., et al.*, 16 F.4th 427, 446 (5th Cir. 2021). *Id.* at 2. And as in *Butler*, LDEQ argues that Plaintiffs fail to state a viable claim. *Id.* at 3.

LDEQ further argues that the Louisiana Administrative Procedure Act provides the remedies a court may provide to a party seeking to challenge an action or inaction of a state agency on appeal to the courts. *Id.* at 8. But LDEQ contends that no procedure or authority provides for the court to award personal or property

4

damages against LDEQ should the court find fault in its regulatory actions or inactions. *Id.* at 8. Thus, LDEQ argues that Plaintiffs' remedy against LDEQ is limited to those specifically provided in La. R.S 49:964(G). *Id.* LDEQ contends the legislature set forth a framework for judicial review of agency actions, to be conducted in accordance with the Louisiana Administrative Procedure Act. *Id.*

LDEQ concedes that the statutory scheme provides for private citizen suits against LDEQ under La. R.S. 30:2026. *Id.* However, LDEQ contends the statute allows an action for private damages against the alleged violator, with any money awarded as a penalty for violation of environmental laws or regulations to be deposited into the state registry, not awarded to a private plaintiff. *Id.* LDEQ argues that this statute does not however provide a cause of action against LDEQ for failure to enforce or carry out its duties under Louisiana law. *Id.* at 9. LDEQ asserts Plaintiffs must establish LDEQ owed them a duty in tort as the basis for their claim for damages against it. *Id.* at 10.

Plaintiffs respond that they do not seek to collaterally attack DEQ's exclusive regulatory jurisdiction, but instead seek to directly attack LDEQ's negligence in causing personal and property damages. ECF No. 49 at 5 (citing *Frazier v. Pioneer Americas, L.L.C.,* 2006 WL 8435040 (M.D. La. Nov. 6, 2006)). Plaintiffs contend statutory authority and case law support negligence claims against LDEQ, including the very same non-discretionary duties alleged here. *Id.* at 5. Plaintiffs state they assert two negligence claims against LDEQ based on its violation of non-discretionary

5

duties – failure to provide public notice within 30 days under 33 La. Admin. Code, Pt. 1, § 109, and failure to inspect/monitor under La. R.S. 30:2012. ECF No. 49 at 6-7.

Plaintiffs argue that public entities such as LDEQ may be sued for negligence. *Id.* at 7 (citing *Hardy v. Bowie*, 98-2821, p. 3 (La. 9/8/99); 744 So.2d 606, 608, *abrogated by Gregor v. Argenot Great Cent. Ins. Co.*, 2002-1138 (La. 5/20/03); 851 So.2d 959). Plaintiffs note that LDEQ was created with the power to sue and be sued. *Id.* at 9 (citing La. R.S. 36:231(A)). And they argue that courts have routinely recognized a negligence cause of action against LDEQ based on its failure to provide "timely and meaningful" inspections as required by La. R.S. 30:2012. *Id.* (citing cases). According to Plaintiffs, an action for failure to warn sounds in tort and is not a "collateral attack" upon LDEQ's regulatory jurisdiction. *Id.* at 15 (citing *Frazier*, 2006 WL 8435040, at *5).

Here, because CAFA is based on diversity jurisdiction, state substantive law governs the determination of whether Plaintiffs' Amended Complaint states a claim for relief against LDEQ. *See Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008); *see also Foradori v. Harris,* 523 F.3d 477, 486 (5th Cir. 2008) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

Article 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A). Under Louisiana's duty risk-risk analysis of negligence liability, Plaintiffs must prove the following five elements:

6

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Butler*, 16 F.4th at 443 (quoting *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006)) (internal citation omitted). "Duty is the 'threshold issue.'" *Id.*

Although distinguishable as it dealt with improper joinder, the United States Court of Appeal for the Fifth Circuit in a related case recognized a plausible theory of negligence against LDEQ under Louisiana law. *D & J Investments of Cenla, L.L.C. v. Baker Hughes a G E Co., L.L.C.*, 52 F.4th 187, 198 (5th Cir. 2022). The Fifth Circuit recently found that they were unable to clearly say that "Louisiana law does not provide for civil liability against the [L]DEQ." *Id.* Moreover, the Fifth Circuit stated that Section 109, regardless of the "triggering event" provides that public notice "shall be given as soon as practicable" within 30 days of the triggering event. *Id.* at 199. The Fifth Circuit held that plaintiffs' allegations placed the case squarely within the mandatory provisions of Section 109. *Id.* at 199, n.53.

The Fifth Circuit also found *Butler* distinguishable as it was not on a motion to remand after a removal based on improper joinder. *Id.* However, the Fifth Circuit also found that there was no discussion of the Louisiana decision in *Wilson* or the notification provisions set forth in the Louisiana Administrative Code. *Id.* at 200. Further, the plaintiff in *Butler* did not challenge the district court's dismissal of her

7

negligence claim against LDEQ, and the Fifth Circuit made no ruling on the merits of the district court's decision that LDEQ owed no duty. *Id.*

Here, Plaintiffs allege LDEQ was notified of the spill on June 28, 2012. ECF No. 1-3 at 2. Plaintiffs claim Dresser did not initially analyze the spill for violatile organic compounds until LDEQ insisted Dresser perform an analysis of all soil and groundwater samples. *Id.* Plaintiffs assert that in 2014 Dresser first reported to LDEQ its analysis of all soil and groundwater samples, and that they were contaminated with TCE. *Id.* Plaintiffs allege LDEQ knew or should have known at that time that the spill had an off-site impact. *Id.*

Plaintiffs claim LDEQ first notified the putative class of the off-site impacts of the spill in 2020. *Id.* at 3. Plaintiffs' Opposition (ECF No. 49) contends Plaintiffs assert "two negligence claims" against DEQ based on non-discretionary duties imposed on it by law. Plaintiffs' Amended Complaint alleges LDEQ violated its mandatory duty under Louisiana Administrative Code Title 33, Part 1, Section 109 to issue notice of the spill to the putative class within 30 days of its knowledge that the spill posed a significant risk of adverse health effects to the class. ECF No. 1-3 at 7. Plaintiffs further allege LDEQ's violation of its mandatory duty to provide notice caused personal and property damages to the putative class. *Id.* at 8.

Plaintiffs also allege LDEQ had non-discretionary duties to ensure Dresser properly disposed of hazardous waste, to inspect and monitor the facility after it was notified in 2012 of the spill to ensure contamination did not migrate from the facility, and to check waste disposal procedures at the facility. *Id.*

The Amended Complaint does not mention negligence or negligent conduct in reference to LDEQ.  However, construed liberally in favor of Plaintiffs, the Complaint contains a negligence claim against LDEQ under Louisiana Civil Code article 2315 by discussing LDEQ's breach of its alleged non-discretionary duties.

"Tort claims against a public entity may be pursued as negligence under LSA–C.C. art. 2315, or as strict liability under LSA–R.S. 9:2800, LSA–C.C. arts. 2317, and 2317.1." *Badeaux v. State Through Louisiana Dep't of Econ. Dev.*, 2017-0599, p. 4 (La.App. 1 Cir. 11/1/17); 234 So.3d 935, 937–38.  "Under either theory, the legal analysis is the same." *Id.* (citing *Fontenot v. Patterson Ins.,* 09-0669 (La. 10/20/09), 23 So.3d 259, 267).[3]

Plaintiffs plausibly allege a non-discretionary duty under 33 La. Admin. Code, Pt. I, § 109 by LDEQ to issue notice within 30 days of when it knew the spill posed a significant risk of adverse health effects to the class.  ECF No. 1-3 at 7-8.  Plaintiffs also state LDEQ had a duty of care to inspect and monitor the Facility after 2012 when it was notified of the Spill to ensure the contaminate did not migrate off the Dresser property.  *Id.* at 8.  Plaintiffs further allege Dresser violated its "non-discretionary" duties causing damage to the putative class, including personal injuries and property damage.  *Id.*

---

[3] Louisiana Revised Statute 9:2798.1 exempts public entities from liability for their employees' discretionary or policy-making acts.  *Hardy v. Bowie* 744 So. 2d 606, 613 (La. 9/8/99).  Here, however, LDEQ has not asserted it is immune from liability under La. R.S. 9:2798.1.  Regardless, the Fifth Circuit acknowledged that, under certain circumstances, a claim may be stated that LDEQ has a non-discretionary duty to warn the public under 33 La. Admin. Code, Pt. I, § 109.  *See D&J Investments of Cenla*, 52 F.4th at 198-199.

Rule 12(b)(6) motions to dismiss should rarely be granted. *Tillman v. Hammond's Transportation, L.L.C.*, 2021 WL 1733995, at *2 (E.D. La. May 3, 2021) (quotation marks and citations omitted); *see also Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Instead, 'resolution on the merits [is] preferred to disposition on technical grounds of failure to state a claim.'" *Id.* "A motion to dismiss for failure to state a claim should be denied unless 'it appears to a *certainty* that the plaintiff would be entitled to no relief under any state of facts' alleged in the petition." *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *2 (W.D. La. Dec. 7, 2018), *report and recommendation adopted*, 14-CV-2467, 2019 WL 545479 (W.D. La. Feb. 11, 2019) (citations omitted).

"[A] Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020)). "That is why the well-pleaded factual allegations of a complaint must be taken as true and viewed in the light most favorable to the plaintiff." *Id.*

In *Frazier*, the United States District Court for the Middle District of Louisiana found that plaintiffs sufficiently pleaded a tort under La. Civ. Code art. 2315(A) where they alleged LDEQ's failure to issue a public notice of pollution was a substantial factor in bringing about plaintiffs' alleged injuries. *Frazier*, 2006 WL 8435040, at *6. Moreover, the Middle District held that the LDEQ's duty under 33 La Admin. Code, Pt. I, § 109(B) is legislatively mandated and was sufficient pleaded. *Id.* The court noted that LDEQ's discretion in determining whether plaintiffs were

10

likely to be adversely affected by the release of mercury into the air was not a matter to be considered at the Rule 12(b)(6) dismissal stage as such inquiry was more suitable on a motion for summary judgment or at trial. *Id.* The Middle District rejected the same arguments as presented here, concluding that "DEQ will only bear the costs for which it should be charged, specifically those costs that it caused through its own fault, if any." *Id.* at *7.

Likewise, Plaintiffs here plausibly allege negligence claims against LDEQ and any factual disputes are more appropriately resolved on summary judgment.

### III. Conclusion

Because Plaintiffs allege plausible claims of negligence against LDEQ;

IT IS RECOMMENDED that LDEQ's Rule 12(b)(6) Motion to Dismiss (ECF No. 47) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

11

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __3rd__ day of April 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE