**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MICHELLE BARTON and William Barton<br>Individually and on behalf of all similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>DRESSER LLC, et al<br>Defendants. | * CA No. 1:22-cv-00263-DCJ-JPM<br>*<br>* Judge David C. Joseph<br>*<br>* Mag. Joseph H. L. Perez-Montes<br>*<br>*<br>* |

\*    \*    \*    \*    \*    \*    \*    \*

## MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL CLASS ACTION COMPLAINT FOR DAMAGES

Putative Class Plaintiffs file this Motion for Leave to file the Second Amended and Supplemental Class Action Complaint for Damages, for the following good cause shown:

1.      This case involves the release of a toxic plume of chlorinated compounds, including carcinogenic trichloroethylene ("TCE"), from the former valve manufacturing facility located at 8011 Shreveport Highway, Pineville, Louisiana 71360 (the "Facility") into the soil, groundwater, and air of the surrounding community (the "TCE Release").

2.      On June 11, 2020, Plaintiff/Putative Class Members Michelle Barton and William Barton Jr. filed suit on behalf of themselves and a class of similarly situated individuals who sought damages in connection with the TCE Release. The lawsuit was initially brought against the Louisiana Department of Environmental Quality (the "LDEQ"). (*See* Doc. 1-2.)

3.      On July 10, 2020, the lawsuit was amended to add Dresser, LLC and Baker Hughes Holdings, LLC (collectively, "Dresser" or the "Dresser Defendants") as defendants wherein the plaintiffs sought to hold Dresser liable for its conduct and the conduct of its predecessors through successor liability for damages caused by the TCE Release. (*See* Doc. 1-3.)

1

4.     On August 5, 2020, the Dresser Defendants removed the matter to the Middle District of Louisiana.  (*See* Doc. 1.)

5.     On January 28, 2022, the case was transferred to this Court after the Middle District granted Dresser's motion to transfer.  (*See* Doc. 32.)

6.     The Putative Class Plaintiffs seek leave to file the Second Amended and Supplemental Class Action Complaint for Damages (the "Second Amended Complaint"), which is attached hereto.

7.     The Second Amended Complaint adds Edward Hight, Jennifer Hight, Steven Hyatt, and Stacy Hyatt as named plaintiffs and putative class representatives, who are filing suit on behalf of themselves and all those similarly situated.  (*See* Second Amended Complaint, ¶¶2-3.)

8.     The Second Amended Complaint also includes the following changes: additional factual allegations regarding the historic release of TCE and other contaminants at the facility, additional allegations concerning the successor liability of the Dresser Defendants, additional allegations concerning co-contaminant tetrachloroethylene ("PCE"), claims for strict liability under La. C.C. arts. 2317, 2317.1 and 2322 against Dresser, nuisance claims against Dresser, claims for punitive damages against Dresser, allegations clarifying the claims against LDEQ, and appropriate changes to reflect the applicability of Rule 23 of the Federal Rules of Civil Procedure concerning class actions.  (*See* Second Amended Complaint, *generally*.)

9.     Under Rule 15(a), "leave to amend should be granted 'freely ... when justice so requires.'" *Cummings v. Louisiana Dep't of Child & Fam. Servs.*, No. CIV.A. 14-3362, 2015 WL 5916839, at *1 (W.D. La. Oct. 7, 2015) (quoting *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 872 (5th Cir.2000)).  "A court's discretion does not permit denial of leave

to amend in the absence of a substantial reason, such as undue delay, bad faith, dilatory motive, futility or undue prejudice to an opposing party." *Cummings*, *supra* (citation omitted).

10.    The instant motion for leave to amend should be granted because there is no substantial reason to deny the motion in that none of the foregoing factors are present, and there will be no undue prejudice to Defendants. Indeed, the proposed changes should come as no surprise to Defendants as they have been involved in numerous related cases involving similar factual allegations and claims.

11.    <u>Local Rule 7.4.1 Certification</u>. The undersigned hereby certifies that an attempt was made to obtain consent for the filing and granting of this motion from Dresser and the LDEQ, and that Dresser opposes this motion. As of this filing, Plaintiffs have not received a response from the LDEQ.

12.    <u>Local Rule 7.6 Certification</u>. The undersigned hereby certifies that the Plaintiffs have presented the Second Amended Complaint to Dresser and the LDEQ, and that Dresser opposes this motion. As of this filing, Plaintiffs have not received a response from the LDEQ.

13.    WHEREFORE, and for the foregoing reasons, the Plaintiffs respectfully request that this Court grant this Motion for Leave to File the Second Amended and Supplemental Class Action Complaint for Damages.

Dated: April 14, 2023            Respectfully Submitted,

                     **MARTZELL, BICKFORD, & CENTOLA**

                     */s/Lawrence J. Centola, III*
                     **SCOTT R. BICKFORD, T. A. (#1165)**
                     srb@mbfirm.com
                     **LAWRENCE J. CENTOLA, III (#27402)**
                     lcentola@mbfirm.com
                     **NEIL F. NAZARETH (#28969)**
                     nfn@mbfirm.com

**JASON Z. LANDRY (#33932)**
**jzl@mbfirm.com**
**JEREMY J. LANDRY (#30588)**
**jjl@mbfirm.com**
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:    (504) 581-9065
Fax:               (504) 581-7635

and

**THOMAS B. WAHLDER (#17390)**
**STEPHEN J. HECKER (#36492)**
1740 Jackson Street
P.O. Box 7918
Alexandria, LA 71306
(318) 442-9417
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2023, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing

pleading to all counsel of record by notice of electronic filing.

/s/    Lawrence J. Centola, III