UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHELLE BARTON, ET AL** | **CIVIL DOCKET NO. 1:22-CV-0263** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DRESSER LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## JUDGMENT

Before the Court is the REPORT AND RECOMMENDATION (the "R&R") [Doc. 62] of the Magistrate Judge previously filed herein. After an independent review of the record, including the OBJECTION TO REPORT AND RECOMMENDATION [Doc. 66], the Court determines that the R&R's recommendation that the MOTION TO DISMISS filed by the Louisiana Department of Environmental Quality ("DEQ") [Doc.47] be denied is correct at this stage in the litigation. In so ruling, the Court notes the following:

1) This Court has previously found – and maintains its view – that, generally speaking, Louisiana law does not provide a cause of action in tort law against the DEQ for contamination caused by private industry. The Court's reasons for this view are described in detail in previous rulings in related cases. *See, e.g.*, *D&J Investments of Cenla, LLC v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-1174-DCJ-JPM (W.D. La.) [Docs. 49, 61, 130]. Other courts have made similar findings in unrelated cases. *See Butler v. Denka Performance Elastomer LLC*, No. CV 18-6685, 2019 WL 1160814, at *6 (E.D. La. Mar. 13, 2019), *appeal dismissed*, 806 F.App'x. 271 (5th Cir. 2020) ("To seek damages from the state for exposure to emissions from a private defendant's manufacturing facility

        ventures into absurdity."); *Landry v. Laney Directional Drilling Co.*, CIV.A. 09-615-JVPSCR, 2009 WL 3833831, at *4 (M.D. La. Nov. 16, 2009).

2)       The Court acknowledges, however, that the United States Fifth Circuit – albeit applying different standard – recently determined that it was unable to "clearly say … that 'Louisiana law does not provide for civil liability against the DEQ'." *D & J Investments of Cenla, L.L.C. v. Baker Hughes a G E Co., L.L.C.*, 52 F.4th 187, 198 (5th Cir. 2022) (internal citations omitted). The Court further notes that the Louisiana Supreme Court has not definitively addressed the issues presented.

3)       Given the legal uncertainty underlying Plaintiffs' claims, this Court is bound by Fifth Circuit precedent holding that Louisiana law "may" recognize Plaintiffs' claims against the DEQ. This is all that is necessary for Plaintiffs to maintain their causes of action at this stage in the litigation.

        IT IS THEREFORE ORDERED that, without adopting the reasons assigned in the R&R issued by the Magistrate Judge, the MOTION TO DISMISS filed by the Louisiana Department of Environmental Quality [Doc.47] is DENIED.

        IT IS FURTHER ORDERED that the DEQ may re-urge its arguments in a Rule 56 motion once the factual bases underlying Plaintiffs' claims against the DEQ, if any, have been developed though discovery.

        THUS, DONE AND SIGNED in chambers this 20th day of April, 2023.

                                                _____
                                                DAVID C. JOSEPH
                                                UNITED STATES DISTRICT JUDGE