UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHELLE BARTON, ET AL** | **CIVIL DOCKET NO. 1:22-CV-00263** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DRESSER, LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION TO DISMISS ON GROUNDS OF ELEVENTH AMENDMENT IMMUNITY (the "Motion) filed by the Louisiana Department of Environmental Quality ("LDEQ"). [Doc 80]. In the Motion, the LDEQ purports to exercise its rights as an arm of the State of Louisiana to immunity from suit in federal court. After careful consideration, and for the reasons set forth below, the Motion is GRANTED and the LDEQ is dismissed from this lawsuit.

### BACKGROUND

### I. Facts

This matter – among others[1] – arises from the operations of a now-closed pipe valve manufacturing facility located in Rapides Parish, Louisiana (the "Dresser

---

[1]   There have been a total of fifteen additional, related cases (the "Related Cases") pending before this Court.  *See Aertker v. Dresser,* LLC, No. 1:22-cv-00323-DCJ-JPM, 2022 WL 1415716, at *1 n.1 (W.D. La. May 4, 2022) (collecting cases). Eight cases remain before this Court; the rest have been either remanded or dismissed. *See, e.g., LeBlanc v. Baker Hughes, a GE Co., LLC,* No. 1:21-cv-00142-DCJ-JPM (W.D. La. Dec. 30, 2020) [Doc. 50]; *Wahlder v. Baker Hughes Inc.*, No. 1:20-cv-00631-DCJ-JPM (W.D. La. May 19, 2020) [Doc. 41].

The following cases are currently pending before this Court: *Barnes v. Dresser, LLC*, No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett v. Dresser, LLC*, No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Barton v. Dresser, LLC*, No. 1:22-cv-00263-DCJ-JPM (W.D. La.

Facility" or "Facility"). The Plaintiffs, Michelle and William Barton, claim that the Facility improperly disposed of solvents, cutting oils, acids, and caustics, thereby contaminating the groundwater and soil in the surrounding area. Plaintiffs further allege that this contamination migrated onto their nearby property, causing both property damage and either present or potential future personal injury due to their exposure to the toxins. [Doc. 1-3].

## II. Procedural History

Plaintiffs filed a state court petition on June 11, 2020, in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, against the LDEQ. [Doc. 1-2]. Their First Amended and Supplemental Petition: (i) requests the certification of a class of similarly situated plaintiffs pursuant to Louisiana Code of Civil Procedure article 591 et seq.; (ii) asserts state-law claims against Dresser, LLC, Baker Hughes Holdings, LLC, GE Oil and Gas US Holdings 1, Inc., and the Louisiana Department of Environmental Quality; and (iii) seeks class-wide monetary damages for alleged personal injuries and property-related torts. *Id*. at [Doc. 1-3, p. 1].

Defendants Dresser, LLC ("Dresser") and Baker Hughes Holdings, LLC ("Baker Hughes") removed the case to the Middle District of Louisiana on August 5, 2020, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

---

Jan. 26, 2022); *Cook v. Dresser, LLC*, No. 1:21-cv-00696-DCJ-JPM (W.D. La. March 1, 2021); *Hyatt v. Baker Hughes Holdings, LLC*, No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Petty v. Dresser, LLC*, No. 1:21-cv-02586-DCJ-JPM (Jul. 2, 2021); *Stalnaker v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01292-DCJ-JPM (W.D. La. Aug. 4, 2020); and *D&J Investments of CENLA, LLC v. Baker Hughes, a GE Co., LLC*, No. 1:23-cv-00508-DCJ-JPM (W.D. La. Apr. 18, 2023).

1332(d). Unlike this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), CAFA's "minimal diversity" does not require "complete diversity" between all plaintiffs and all defendants, but rather only the assertion of a "class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal to the Middle District was thus premised on the Bartons' Louisiana citizenship and the corporate citizenship of Dresser and Baker Hughes in Delaware, Ohio, and Texas. [Doc. 1].

Importantly, the LDEQ did not consent to this matter's removal to the Middle District of Louisiana – nor was its consent required for removal pursuant to 28 U.S.C. § 1332(d)(2). *See* 28 U.S.C. § 1453(b) ("A class action … may be removed by any defendant without the consent of all defendants.").[2] But by its co-defendants' removal of the case, the LDEQ found itself a defendant in federal rather than state court.

On April 16, 2021, Dresser and Baker Hughes filed a motion to transfer the case to this Court under 28 U.S.C. § 1404(a), which was opposed by Plaintiffs. [Docs. 17, 20]. The LDEQ joined in the transfer motion, "with full reservation of rights afforded to it by the Eleventh Amendment of the U.S. Constitution … for the reasons set forth by Dresser." [Doc. 21]. The motion to transfer was subsequently granted by Judge Jackson and this matter was transferred to this Court on January 28, 2022. *Id.* at [Docs. 30, 34].

---

[2] Under CAFA – just like § 1332(a) – "a state is not a citizen" for diversity purposes. *See In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 706 (5th Cir. 2008). But unlike this Court's § 1332(a) diversity jurisdiction, a state's presence in a lawsuit does not preclude jurisdiction under CAFA's "minimal" diversity requirement. *See Butler v. Denka Performance Elastomer, L.L.C.,* 16 F.4th 427, 435–36 (5th Cir. 2021).

After the matter was transferred to this Court, on April 20, 2022, the LDEQ filed a Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim. [Doc. 47]. A Report and Recommendation was subsequently issued by the Magistrate Judge, [Doc. 62], which the Court adopted in part and assigned reasons in declining to dismiss the LDEQ as a defendant. [Doc. 68]. The LDEQ did not raise Eleventh Amendment immunity as a defense in its Rule 12(b)(6) motion, nor did it affirmatively waive immunity.

On May 16, 2023, Plaintiffs filed a Motion to Certify a Class pursuant to Rule 23(b)(3) requesting certification of a bifurcated proceeding whereby "common issues related to Dresser's [and their co-defendants'] liability" would be decided on a class-wide basis, followed by a second, more particularized phase "involv[ing] individual trials … to determine specific causation and the amount of [individual damages for] the putative class members." [Doc. 72]. Class certification was opposed by all defendants, including the LDEQ. [Docs. 82, 83]. The Court denied class certification by Memorandum Order on August 3, 2023, for the reasons stated therein. [Doc. 95].

On June 16, 2023, the LDEQ filed this instant Motion asserting immunity from suit in federal court. [Doc. 80]. The Plaintiffs filed a memorandum in opposition [Doc. 88], to which the LDEQ filed a Reply. [Doc. 94]. The Motion is now ripe for ruling.

### III. Law and Analysis

"The Eleventh Amendment grants a state immunity from suit in federal court by citizens of other states, and by its own citizens as well." *Lapides v. Bd. of Regents*,

535 U.S. 613, 616 (2002) (citation omitted). Though the immunity doctrine acts as an affirmative defense to preclude suit in a federal forum, its traits are "more akin to a limitation on subject-matter jurisdiction." *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). However, unlike subject-matter jurisdiction, Eleventh Amendment immunity may be waived by the state. *Id.* Courts have found waiver of immunity in cases where the state: (i) "voluntarily invokes federal-court jurisdiction," or (ii) "makes a 'clear declaration' that it intends to submit to federal jurisdiction." *Id.* (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).

In its Motion, the LDEQ asserts that it is entitled to Eleventh Amendment immunity as an "arm of the state,"[3] and that it has not waived its right to this immunity. In response, Plaintiffs contend that the LDEQ's conduct as an active

---

[3]  The LDEQ contends in its Motion that it is entitled to Eleventh Amendment immunity as an "arm" of the State of Louisiana. [Doc. 80]. Plaintiffs do not contest this assertion in their Opposition. [Doc. 88]. Under Fifth Circuit precedent, courts should look to the following six factors in determining if a governmental body acts for the state:

> 1. Whether the state statutes and case law view the agency as an arm of the state; 2. The source of the entity's funding; 3. The entity's degree of local autonomy; 4. Whether the entity is concerned primarily with local as opposed to statewide problems; 5. Whether the entity has the authority to sue and be sued in its own name; and 6. Whether the entity has the right to hold and use property.

*Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999). Applying these factors to the LDEQ – an agency: (i) funded from an account held in the state treasury; (ii) vested with state-wide jurisdiction; and (iii) operating within the state's executive branch "under the general control and supervision of the governor" through its secretary – the Court agrees that the LDEQ is an arm of the State of Louisiana and therefore entitled to Eleventh Amendment immunity. *See generally* La. Stat. Ann. §§ 30:2015(B); 30:2011(A)(1); 36:233.

participant thus far in the federal lawsuit – specifically, among other actions, "joining Dresser's motion to transfer, and actively litigating this lawsuit for three (3) years," including filing a prior motion to dismiss under Rule 12(b)(6) – "constitutes the sort of 'voluntary invocation' of federal jurisdiction that waives Eleventh Amendment immunity." [Doc. 88]. But Fifth Circuit jurisprudence does not support Plaintiffs' contention that mere participation in a federal litigation, without more, constitutes waiver.

In *Union Pacific Railroad Co.,* the Fifth Circuit held that even where the state had litigated a case on the merits through summary judgment and did not raise the immunity issue until appeal, it had not waived its Eleventh Amendment immunity from suit. 662 F.3d 336 (5th Cir. 2011). In that case, like this one, Louisiana was involuntarily brought into federal court as a defendant. And that court found that, while the state may have defended the case on the merits, "it never chose to litigate in a federal forum" and its conduct was otherwise "insufficient to constitute an unequivocal or clear declaration of waiver." *Id.* at 341. The *Union Pacific* court went on to note that its decision was:

> consistent with our earlier case law, in which we found that participation by the state in an action does not necessarily preclude a later assertion of Eleventh Amendment immunity. *See, e.g., Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch,* 217 F. App'x 391, 393 (5th Cir. 2007) (per curiam) (holding that the state did not waive immunity by participating in EEOC process and stating that failure to raise immunity defense is not a "clear declaration" of waiver); *Neinast v. Texas,* 217 F.3d 275, 279–80 (5th Cir. 2000) (holding that litigating a motion to dismiss for failure to state a claim is not a voluntary waiver of immunity); *Skelton,* 234 F.3d at 295–96 (stating that issues of immunity

> under the Eleventh Amendment need not be raised in the trial court); *Evans v. City of Bishop,* 238 F.3d 586, 589 n. 6 (5th Cir. 2000) (same).

*Id.*

Here, the LDEQ did not remove or join in the removal of this case to federal court, actions that under Supreme Court precedent would have constituted an intentional invocation of federal jurisdiction. *Lapides,* 535 U.S. at 616 (2002); *see also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 242 (5th Cir. 2005) (holding that the *Lapides* court's "interpretation of the voluntary invocation principle, as including the waiver-by-removal rule, applies generally to any private suit which a state removes to federal court"). Rather, removal in this case was effected only by the LDEQ's co-defendants, Dresser and Baker Hughes. *See* [Doc. 1]. Nor has the LDEQ ever made a statement or filing in this case in which it indicated unequivocally that it was submitting to federal jurisdiction. *See e.g., Butler v. Denka Performance Elastomer, L.L.C.,* 16 F.4th 427, 436–37 (5th Cir. 2021) (finding waiver where the LDEQ – represented by the state's attorney general – expressly waived its Eleventh Amendment immunity in opposing the Plaintiff's motion to remand the case to state court).

To the contrary – though remaining an active participant in discovery and motion practice – the LDEQ has previously indicated that it did not intend to waive its Eleventh Amendment immunity by such participation. *See* [Doc. 21] (LDEQ joining in Dresser's transfer motion "with full reservation of rights afforded to it by the Eleventh Amendment of the U.S. Constitution … for the reasons set forth by Dresser."). Accordingly, because the LDEQ: (i) did not remove or join in the removal

of this matter to federal court; and (ii) has not otherwise made a "clear declaration" of its intention to waive its Eleventh Amendment immunity and submit to federal court jurisdiction, the Court finds the LDEQ is immune from suit in this Court.

## CONCLUSION

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that the Louisiana Department of Environmental Quality's MOTION TO DISMISS ON GROUNDS OF ELEVENTH AMENDMENT IMMUNITY [Doc. 80] is GRANTED.

IT IS FURTHER ORDERED that the Louisiana Department of Environmental Quality is DISMISSED from this lawsuit WITHOUT PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 9th day of August 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE