UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACOB BARNES, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>DRESSER, LLC., et al.<br><br>    Defendants. | No. 1:21-cv-00024-DCJ-JPM<br><br>Judge Joseph<br><br>Magistrate Judge Perez-Montes |
| KERRY BARRETT, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>DRESSER, LLC., et al.<br><br>    Defendants. | No. 1:20-cv-01346-DCJ-JPM<br><br>Judge Joseph<br><br>Magistrate Judge Perez-Montes |
| MICHELLE BARTON, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>DRESSER, LLC., et al.<br><br>    Defendants. | No. 1:22-cv-00263-DCJ-JPM<br><br>Judge Joseph<br><br>Magistrate Judge Perez-Montes |
| D&J INVS. OF CENLA, LLC, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>BAKER HUGHES, A GE CO., LLC, et al.<br><br>    Defendants. | No. 1:23-cv-00508-DCJ-JPM<br><br>Judge Joseph<br><br>Magistrate Judge Perez-Montes |

| | |
|---|---|
| ROBERT COOK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DRESSER, LLC, et al. <br><br> Defendants. | No. 1:21-cv-00696-DCJ-JPM <br><br> Judge Joseph <br><br> Magistrate Judge Perez-Montes |
| STACY HYATT, et al. <br><br> Plaintiffs, <br><br> v. <br><br> DRESSER, LLC., et al. <br><br> Defendants. | No. 1:20-cv-01460-DCJ-JPM <br><br> Judge Joseph <br><br> Magistrate Judge Perez-Montes |
| BETSY E. PETTY, et al. <br><br> Plaintiffs, <br><br> v. <br><br> DRESSER, LLC., et al. <br><br> Defendants. | No. 1:21-cv-02586-DCJ-JPM <br><br> Judge Joseph <br><br> Magistrate Judge Perez-Montes |
| BRANDI STALNAKER, <br><br> Plaintiff, <br><br> v. <br><br> BAKER HUGHES, A GE CO., LLC, et al., <br><br> Defendants. | No. 1:20-CV-01292-DCJ-JPM <br><br> Judge Joseph <br><br> Magistrate Judge Perez-Montes |

## PLAINTIFFS' STATUS REPORT IN ALL RELATED CASES

On August 3, 2023, the Court denied class certification in the *Barton* and *Barnes* matters and set a Scheduling Conference for September 8, 2023 to discuss: "(i) a limited consolidation of the Related Cases for trial on common issues; (ii) issuance of Scheduling Orders; (iii) status of discovery; and (iv) any remaining issues requiring judicial resolution." *See Barnes,* Doc. 110, p. 19; *Barton,* Doc. 95, p. 19.[1]

The Plaintiffs in the above-captioned actions jointly submit this status report as requested by the Court. Because of differences in the meaning of "trial of common issues," the parties were unable to agree upon a single filing. In sum, the Plaintiffs interpret "common issues" as expressly described by the Court, to wit: "(i) determining the timing and cause of the contaminant dispersion; (ii) determining the geographical extent of that dispersion; and (iii) determining the proper allocation of responsibility (for the dispersion) amongst every defendant named in the Related Cases thus far." *Barnes,* Doc. 110, n15; *Barton,* Doc. 95, n15. Defendants, on the other hand, argue that the Court should order trials of certain "test" cases (i.e., quasi-bellwethers) and that they be allowed to immediately proceed with discovery on individual damage claims. This proposes a clear misuse of Rule 42 and conflicts with the Court's directive.

---

[1] The following Related Cases remain in federal court: *Barnes v. Dresser, LLC,* No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett v. Dresser, LLC,* No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Barton v. Dresser, LLC,* No. 1:22-cv-00263-DCJ-JPM (W.D. La. Jan. 26, 2022); *Cook v. Dresser, LLC,* No. 1:21-cv-00696-DCJ-JPM (W.D. La. March 1, 2021); *D&J Investments of CENLA LLC v. Baker Hughes, a GE Co., LLC,* No. 1:23-cv-00508-DCJ-JPM (W.D. La. Apr. 18, 2023); *Hyatt v. Baker Hughes Holdings, LLC,* No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Petty v. Dresser, LLC,* No. 1:21-cv-02586-DCJ-JPM (Jul. 2, 2021); and *Stalnaker v. Baker Hughes, a GE Co., LLC,* No. 1:20-cv-01292-DCJ-JPM (W.D. La. Aug. 4, 2020).

In all other respects, this report is largely consistent with the contents of a report initially proposed by Defendants, prior to disclosure of their actual proposal.[2]

I. **Limited Consolidation of the Related Cases for Trial on Common Issues.**

The Plaintiffs request a limited Rule 42 consolidation of the Related Cases for a trial on common issues as described by the Court. The Plaintiffs agree that common adjudication of these issues is appropriate and "may very well be the next step towards the resolution of these disputes." *Id.*

II. **Issuance of Scheduling Orders.**

The Plaintiffs propose that any scheduling order issued by the Court should include some or all of the following deadlines, depending on the consolidation plan ultimately adopted by the Court.

- Filing of Rule 12(c) Motions: 60 days from signing of Scheduling Order.[3]
- Completion of Environmental Sampling:[4]
    - *Deadline for Plaintiffs:* 210 days before trial.
    - *Deadline for Defendants:* 150 days before trial.
- Completion of Fact Discovery: 180 days before trial.
- Completion of Expert Discovery:
    - *Deadline to Produce Plaintiffs' Expert Reports:* 180 days before trial.
    - *Deadline to Produce Defendants' Expert Reports:* 120 days before trial.
    - *Deadline for Expert Depositions:* 90 days before trial.
- Filing of Preliminary Witness & Exhibit Lists: 120 days before trial.

---

[2] Defendants circulated a proposed draft on Tuesday, August 29, 2023, leaving blanks for each party to offer individual comments about the proposed process. On Friday, September 1, 2023, at 4:56 p.m., Defendants circulated their actual proposal.

[3] *See* Section IV, *infra.*

[4] This deadline does not apply to and is not intended to interfere in any way with any sampling required by the Louisiana Department of Environmental Quality.

4

- <u>Filing of Daubert Motions:</u> 60 days before trial.
- <u>Filing of Dispositive Motions:</u> 60 days before trial.
- <u>Filing of Final Witness & Exhibit Lists:</u> 45 days before trial.
- <u>Filing of Motions in Limine:</u> 30 days before trial.
- <u>Filing of Deposition Designations:</u> 21 days before trial.
- <u>Filing of Objections to and Counter-Designations:</u> 10 days before trial.
- <u>Filing of Proposed Jury Instructions:</u> 21 days before trial.
- <u>Filing of Objections to Proposed Jury Instructions:</u> 10 days before trial.

The above schedule would allow for the Phase I jury trial to take place in the second quarter of 2024, preferably in June or July.

**III.   Status of Discovery.**

The parties have been cooperatively engaging in discovery since the expiration of the Prior Coordinated Discovery Order. No expert discovery has been conducted other than the limited expert discovery performed in advance of the *Hyatt* preliminary injunction hearing. The parties request that any scheduling order in advance of a Phase I trial include expert discovery deadlines for any expert witness necessary for the Phase I trial.

**IV.   Any Remaining Issues Requiring Judicial Resolution.**

*All Related Cases*

The Court has entered a number of orders in the Related Cases dismissing a variety of claims with or without prejudice. Specifically, the Court has issued the following orders:

- *Aertker v. Dresser, LLC*, No. 1:22-cv-00323-DCJ-JPM, 2022 WL 1415716 (W.D. La. May 4, 2022) – dismissing claims for (1) negligence premised on failure to contain or remediate; (2) pre-1996 strict liability pursuant to Civil Code article 667; (3) unintentional trespass; (4) continuing tort; and (5) civil fruits.

5

- *Alexander v. Dresser, LLC*, No. 1:21-cv-00161-DCJ-JPM, 2022 WL 509366 (W.D. La. Feb. 18, 2022)[5] – dismissing all claims for strict liability under Civil Code article 667 and all claims for public nuisance.

- *Barrett v. Dresser, LLC*, No. 1:20-cv-01346-DCJ-JPM, 2021 WL 53658 (W.D. La. Jan. 6, 2021) – dismissing claims for (1) continuing tort; (2) pre-1996 strict liability pursuant to Civil Code article 667; (3) trespass; (4) fraud; (5) civil fruits; and (6) post-1996 strict liability claims under Civil Code articles 667, 2317, and 2322.

- *Jacques v. Baker Hughes, a GE Co., LLC*, No. 1:21-cv-00315-DCJ-JPM, 2021 WL 1271027 (W.D. La. Apr. 6, 2021) – dismissing claims for (1) failure to remediate; (2) continuing tort; (3) strict liability pursuant to Civil Code article 667; (4) trespass; (5) civil fruits; and (6) unjust enrichment.

The parties will endeavor to reach agreed judgments in the remaining Related Cases applying these rulings as appropriate without need for further action by the Court.

**Barnes v. Dresser, LLC, No. 1:21-cv-00024-DCJ-JPM**

Dresser's Motion for Summary Judgment on Excess Groundwater Remediation (*Barnes* Dkt. #94) is currently pending.

**Barrett v. Dresser, LLC, No. 1:20-cv-01346-DCJ-JPM**

There are no case-specific issues for consideration by the Court at this time.

**Barton v. Dresser, LLC, No. 1:22-cv-00263-DCJ-JPM**

Dresser's Motion for Summary Judgment on Excess Groundwater Remediation (*Barton* Dkt. #81) is currently pending.

Plaintiffs' Motion for Leave to File Second Amended & Supplemental Class Action Complaint for Damages (*Barton* Dkt. #63), which Dresser opposed, is now moot.

**Cook v. Dresser, LLC, No. 1:21-cv-00696-DCJ-JPM**

There are no case-specific issues for consideration by the Court at this time.

**D&J Investments of CENLA, LLC v. Baker Hughes, a GE Co., LLC, No. 1:23-cv-00508-DCJ-JPM**

---

[5] *See also Epperson v. Dresser, LLC*, No. 1:21-cv-00155-DCJ-JPM, 2022 WL 509414 (W.D. La. Feb. 18, 2022).

Plaintiffs' Motion to Remand (*D&J* Dkt. #17) remains pending.

**Hyatt v. Baker Hughes Holdings, LLC, No. 1:20-cv-01460-DCJ-JPM**

<u>Plaintiffs</u>

Defendants argue that adding the Hyatts as Plaintiffs in *Barton* violates the rule against claim splitting. Plaintiffs disagree. The rule is discretionary. *See Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996). It "'has been viewed as matter of docket management'" and is often applied "'to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit.'" *Ameritox, Ltd. v. Aegis Scis. Corp.*, 2009 WL 305874, at *5 (N.D. Tex. Feb. 9, 2009). Here, the justification for the rule is not present. The Hyatts were not denied leave to add claims in their lawsuit seeking injunctive relief and therefore are not seeking an end-run around any such denial. Rather, the Hyatts were merely added as plaintiffs in *Barton*. Thus, the rule against claims splitting does not apply.

Alternatively, should the Court determine that the rule applies, then the Hyatts are amenable to dismissing their separate action without prejudice in exchange for being able to assert all of their claims in *Barton*.

<u>Defendants</u>

Defendants invoke the rule against claim splitting. *See, e.g., Ameritox, Ltd. v. Aegis Sciences Corp.*, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009) ("Adopted by the Fifth Circuit in *Super Van Inc. v. City of San Antonio*, 92 F.3d 366 (5th Cir. 1996), the rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008))).

*Petty v. Dresser, LLC*, No. 1:21-cv-02586-DCJ-JPM

There are no case-specific issues for consideration by the Court at this time.

*Stalnaker v. Baker Hughes, a GE Co., LLC*, No. 1:20-cv-01292-DCJ-JPM

The Louisiana Department of Environmental Quality is a named defendant in this suit. Pursuant to the Fifth Circuit's decision in *D&J Investments of CENLA, LLC v. Baker Hughes, a GE Co., LLC*, 52 F.4th 187 (5th Cir. 2022), remand of this case to the Ninth Judicial District Court is required.

Respectfully submitted,

*s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr. (La. #20645)
jfaircloth@fairclothlaw.com
Barbara Bell Melton (La. #27956)
bmelton@fairclothlaw.com
Mary Katherine Price (La. #38576)
kprice@fairclothlaw.com
Richard F. Norem, III (La. #38849)
enorem@fairclothlaw.com
105 Yorktown Drive
Alexandria, La. 71303
Tel.: (318) 619-7755
Fax: (319) 619-7744

**Counsel for Barnes Plaintiffs**

        Respectfully submitted,

        *s/ Andrew J. Cvitanovic*
        Philip F. Cossich, Jr. (La. #1788)
        pcossich@cossichlaw.com
        Darren D. Sumich (La. #23321)
        dsumich@cossichlaw.com
        Christina M. Cossich (La. #32407)
        ccossich@cossichlaw.com
        Andrew J. Cvitanovic (La. #34500)
        acvitanovic@cossichlaw.com
        Cossich, Sumich, Parsiola & Taylor, L.L.C.

        J. Burton LeBlanc (La. #20491)
        Baron & Budd, P.C.
        CitiPlace Dr., Ste. 400
        Baton Rouge, La. 70808
        Tel.: (225) 927-5441
        bleblanc@baronbudd.com

        W. Jay Luneau (La. #21731)
        Robert L. Beck III (La. #29083)
        Luneau & Beck, LLC
        5208 Jackson Street Extension, Ste. A
        Alexandria, La. 71303
        Tel.: (318) 445-6581

        ***Counsel for Barrett Plaintiffs***

Respectfully submitted,

*s/ Lawrence J. Centola*
Scott R. Bickford (La. #1165)
srb@mbfirm.com
Lawrence J. Centola (La. #27402)
lcentola@mbfirm.com
Neil F. Nazareth (La. #28969)
nfn@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
338 Lafayette Street
New Orleans, La. 70130
Tel.: (504) 581-9065
Fax: (504) 581-7635

Thomas B. Wahlder (La. #17390)
Stephen J. Hecker (#36492)
1740 Jackson Street
P.O. Box 7918
Alexandria, La. 71306
Tel.: (318) 442-9417

***Counsel for Barton Plaintiffs***

Respectfully submitted,

*s/ Lawrence J. Centola*
Lawrence J. Centola (La. #27402)
lcentola@mbfirm.com
Jeremy J. Landry (La. #30588)
jjl@mbfirm.com
338 Lafayette Street
New Orleans, La. 70130
Tel.: (504) 581-9065
Fax: (504) 581-7635

Steven P. Lemoine (La. #20269)
Lemoine Law Firm, LLC
9191 Siegen Lane, Bldg. 4-B
Baton Rouge, La. 70809
Tel.: (225) 292-1717
Fax: (225) 292-1727

**Counsel for Cook Plaintiffs**

Respectfully submitted,

*s/ Lawrence J. Centola*
Scott R. Bickford (La. #1165)
srb@mbfirm.com
Lawrence J. Centola (La. #27402)
lcentola@mbfirm.com
Neil F. Nazareth (La. #28969)
nfn@mbfirm.com
Jason Z. Landry (#33932)
jzl@mbfirm.com
Jeremy J. Landry (#30588)
jjl@mbfirm.com
338 Lafayette Street
New Orleans, La. 70130
Tel.: (504) 581-9065
Fax: (504) 581-7635

Thomas B. Wahlder (La. #17390)
Stephen J. Hecker (#36492)
1740 Jackson Street
P.O. Box 7918
Alexandria, La. 71306
Tel.: (318) 442-9417

**Counsel for Hyatt Plaintiffs**

Respectfully submitted,

*s/ Andrew J. Cvitanovic*
Philip F. Cossich, Jr. (La. #1788)
pcossich@cossichlaw.com
Darren D. Sumich (La. #23321)
dsumich@cossichlaw.com
Christina M. Cossich (La. #32407)
ccossich@cossichlaw.com
Andrew J. Cvitanovic (La. #34500)
acvitanovic@cossichlaw.com
Cossich, Sumich, Parsiola & Taylor, L.L.C.

J. Burton LeBlanc (La. #20491)
Baron & Budd, P.C.
CitiPlace Dr., Ste. 400
Baton Rouge, La. 70808
Tel.: (225) 927-5441
bleblanc@baronbudd.com

W. Jay Luneau (La. #21731)
Robert L. Beck III (La. #29083)
Luneau & Beck, LLC
5208 Jackson Street Extension, Ste. A
Alexandria, La. 71303
Tel.: (318) 445-6581

**Counsel for Petty Plaintiffs**

Respectfully submitted,

*s/ Kenneth A. Doggett, Jr.*
Kenneth A. Doggett, Jr. (La. #36840)
kenneth@doggettlaw.net
Kenneth A. Doggett, Sr. (La. #18186)
al_doggett@yahoo.com
1100 Martin Luther King Drive
P.O. Drawer 13498
Alexandria, La. 71315-3498
Tel.: (318) 487-4251
Fax: (318) 487-1353

**Counsel for Brandi Stalnaker**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.

*/s/   Lawrence J. Centola, III*