UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACOB BARNES | CASE NO.  1:21-CV-00024 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| MICHELLE BARTON | CASE NO.  1:22-CV-00263 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM RULING

Before the Court are two Motions: (i) MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. 94] filed by Defendants Dresser, LLC, Dresser RE, LLC, Baker Hughes Company, and Baker Hughes Energy Services, LLC (collectively, "Dresser") in the matter of *Barnes v. Dresser, LLC*, No. 1:21-cv-00024-DCJ-JPM; and (ii) MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. 81] filed by Dresser in the matter of *Barton v. Dresser, LLC*, No. 1:22-cv-00263-DCJ-JPM.  In both Motions, Dresser seeks partial summary judgment on the issue of the applicability of the Louisiana Groundwater Act, La. R.S. 30:2015.1, *et seq.* (the "Groundwater Act").  The *Barnes* and *Barton* Plaintiffs filed materially identical oppositions [*Barnes* Doc. 107] and [*Barton* Doc. 89] to Dresser's motions, and Dresser filed an omnibus reply brief in both cases. [*Barnes* Doc. 108]; [*Barton* Doc. 90].  After careful consideration, and for the reasons set forth below, the Motions are DENIED AS PREMATURE.

BACKGROUND

These matters – among others – arise from the operations of a now-closed pipe valve manufacturing facility located in Rapides Parish, Louisiana (the "Dresser

Facility"). Both the *Barnes* and the *Barton* Plaintiffs claim that the Facility improperly disposed of solvents, cutting oils, acids, and caustics, thereby contaminating the groundwater and soil in the surrounding area. [*Barnes* Doc. 47]; [*Barton* Doc. 101]. Both sets of Plaintiffs further allege that this contamination migrated onto their nearby properties, causing both property damage and either present or potential future personal injury due to their exposure to the toxins. *Id.*

On September 15, 2023, the Court consolidated *Barnes* and *Barton* with the following cases for limited purposes: *Cook v. Dresser, LLC*, No. 1:21-cv-00696-DCJ-JPM; *Petty v. Dresser, LLC*, No. 1:21-cv-02586-DCJ-JPM; and *Barrett v. Dresser, LLC*, No. 1:22-cv-01346-DCJ-JPM (hereinafter the "Related Cases").[1] The applicability of the Groundwater Act has been identified by the parties and the Court as a common issue of fact underlying the claims of all Plaintiffs in the Related Cases.

In the instant motion, Dresser seeks partial summary judgment on the issue of the Plaintiffs' entitlement to "excess groundwater remediation damages," on grounds that, in the absence of a contractual relationship between the parties, Plaintiffs' only remedy in the Related Cases is specific performance of the "most feasible plan" pursuant to Section §30:2015.1(D) of the Groundwater Act.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any

---

[1] *See* Consolidation Order and Phase I Scheduling Order [*Barnes* Doc. 117] and [*Barton* Doc. 113], effective for all Related Cases.

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the moving party's motion for summary judgment. *Id.*

If the movant satisfies its burden, however, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## LAW AND ANALYSIS

In Count IV of their operative Complaint, the *Barnes* Plaintiffs allege a claim against Dresser under the Groundwater Act and allege that they are "entitled to all

damages, costs, and recoveries allowed for by the Groundwater Act (La. R.S 30:2015, *et seq*.), including costs necessary to evaluate and remediate the contamination of usable groundwater caused by and/or contributed to by the Defendants and costs recoverable pursuant to La. Rev. Stat. § 30:2015(F)(1)."[2]

In its Motion, Dresser argues that there are no issues of fact with respect to application of the Groundwater Act, that the groundwater in question is Class 2 groundwater, and that no Plaintiff can provide evidence of a contractual provision entitling them to excess groundwater remediation damages, because no such contractual provision exists. Accordingly, Dresser argues that the undisputed facts present a purely legal question for the Court, namely, whether the Plaintiffs can recover monetary damages to fund groundwater remediation in excess of that required by an eventual "most feasible plan."

Plaintiffs respond that they are not seeking "excess" groundwater remediation damages as described by Dresser. Rather, they argue that they seek the full extent of relief afforded by the Groundwater Act, which Plaintiffs argue includes "public damages" to fund the evaluation and remediation of useable groundwater and "private damages" for individualized harm caused by the contamination of useable groundwater pursuant to La. Rev. Stat. § 30:2015.1(C)(3) and (D) and La. Rev. Stat. § 30:2015.1(I). Arguing that they are not seeking the damages for which Dresser is seeking judgment, Plaintiffs argue that Dresser's motion presents a nonjusticiable

---

[2] *See* Third Amended and Restated Complaint for Damages and Proposed Class Action. [Doc. 47 at ¶¶ 85-86]. The *Barton* Plaintiffs allege the same claim in Count VIII of their Third Amended and Supplemental Complaint for Damages. [Doc. 101 at ¶¶ 56-58].

issue. The Court agrees and further finds that the proper application of the Groundwater Act to the facts at issue in the Related Cases is premature at this juncture.

The applicability of the Groundwater Act to the Related Cases is a factual question that will be presented to the jury during Phase I of the trial in conjunction with the other common issues of fact set forth in the Court's September 15, 2023, Consolidation Order. Damages recoverable under the Groundwater Act, if any, will be determined by the Court thereafter. Considering the foregoing, Dresser's Motions seeks relief that is not properly considered by the Court at this time.

## CONCLUSION

For the foregoing reasons, the MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. 94] filed by Dresser in the matter of *Barnes v. Dresser, LLC*, No. 1:21-cv-00024-DCJ-JPM and the MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. 81] filed by Dresser in the matter of *Barton v. Dresser, LLC*, No. 1:22-cv-00263-DCJ-JPM are DENIED AS PREMATURE.

THUS DONE AND SIGNED in Chambers on this 21st day of September 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE