UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KERRY BARRETT** | **CASE NO. 1:20-CV-01346** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| **JACOB BARNES** | **CASE NO. 1:21-CV-00024** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| **ROBERT COOK** | **CASE NO. 1:21-CV-00696** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| **BETSY PETTY** | **CASE NO. 1:21-CV-02586** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| **MICHELLE BARTON** | **CASE NO. 1:22-CV-00263** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| **D&J INVESTMENTS OF CENLA LLC** | **CASE NO. 1:23-CV-00508** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |
| | |
| **RAY ARNOLD** | **CASE NO. 1:23-CV-01795** |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DRESSER LLC ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM RULING AND**
**GROUNDWATER REMEDIATION ORDER**

Before the Court is the RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

(the "Motion") [Doc. 220] filed by the Dresser entities[1] (hereinafter, "Dresser") in each

---

[1] The Dresser entities are: Dresser, LLC; Dresser RE, LLC; Baker Hughes Company; Baker Hughes Holdings, LLC; Baker Hughes, Inc. (now known as Baker Hughes Holdings, LLC); Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings, LLC);

of the above-captioned Related Cases.[2] In the Motion, Dresser renews its request for summary judgment on the applicability of the Louisiana Groundwater Act, La. R.S. § 30:2015.1(C)(1) ("Groundwater Act" or "Act"). The Motion is opposed by Plaintiffs in the *Barnes* matter [21-cv-00024, Doc. 225] and Plaintiffs in the *D&J Investments* matter [23-cv-00508, Doc. 126]. For the reasons set forth below, Dresser's Motion is GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter – among others – arises from the operations of a now-closed pipe valve manufacturing facility located in Rapides Parish, Louisiana (the "Dresser Facility"). The Plaintiffs in the Related Cases,[3] claim that the Dresser Facility improperly disposed of solvents, cutting oils, acids, and caustics, thereby contaminating the groundwater and soil in the surrounding area. The Plaintiffs further allege that this contamination migrated onto their nearby properties, causing

---

Baker Hughes Energy Services, LLC; GE Oil & Gas, LLC (now known as Baker Hughes Energy Services, LLC); GE Oil & Gas, Inc. (now known as Baker Hughes Energy Services, LLC); EHHC NewCo, LLC; and CFC Holdings, LLC (collectively, "Dresser"), one or more of which is named in each of the Related Cases.

[2] The document citations throughout this Order, unless otherwise indicated, reference the docket in the *Barnes* matter. [21-cv-00024]. The Motions are docketed as follows: *Barnes*, [Doc. 220]; *Barrett*, [Doc. 147]; *Cook*, [Doc. 139]; *Petty*, [Doc. 101]; *Barton*, [Doc. 228]; *D&J*, [Doc. 122]; *Arnold*, [Doc. 57].

[3] The following Related Cases have been consolidated for discovery purposes: *Barrett v. Dresser, LLC*, No. 1:20-cv-01346-DCJ-JPM; *Barnes v. Dresser, LLC*, No. 1:21-cv-00024-DCJ-JPM; *Cook v. Dresser, LLC*, No. 1:21-cv-00696-DCJ-JPM; *Petty v. Dresser, LLC*, No. 1:21-cv-02586-DCJ-JPM; *Barton v. Dresser, LLC*, No. 1:22-cv-00263-DCJ-JPM; *D&J Investments of Cenla, LLC v. Dresser, LLC,* No. 1:23-cv-00508-DCJ-JPM; and *Arnold v. Dresser, LLC*, No. 1:23-cv-01795-DCJ-JPM. All Related Cases, except for the *Barnes* case, are currently stayed pending the Bellwether trial in this matter on October 28, 2024.

both property damage and either present or potential future personal injury due to their exposure to the toxins.

Relevant here, all Plaintiffs allege a claim against the Dresser entities under the Groundwater Act.[4] On June 27, 2024, Dresser filed a Motion for Partial Summary Judgment in all of the Related Cases, requesting, among other things, that the Court enter an order applying the Groundwater Act to Plaintiffs' claims. [Doc. 191]. Plaintiffs responded to the Motion by agreeing that "summary judgment finding liability under the Groundwater Act … is warranted," and that "[t]hese claims should now proceed to the damages and remediation phase contemplated by the Groundwater Act." [Doc. 202]. However, at a Zoom status conference on August 2, 2024, Plaintiffs changed course and instead argued that all of the requirements for invoking the remediation procedure in the Groundwater Act have not yet been satisfied. [Doc. 219]. In consideration of Plaintiffs' new position, Dresser requested additional time to file a renewed dispositive motion addressing the applicability of the Groundwater Act in light of those discussions. *Id.* That Motion is now before the Court, and it is ripe for review.

<u>LAW AND ANALYSIS</u>

**I.      Summary Judgment Standard**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any

---

[4] *See Barrett*, [Doc. 1, ¶ 48]; *Barnes*, [Doc. 141, ¶¶ 77-78]; *Cook*, [Doc. 87, ¶ 98]; *Petty*, [Doc. 13, ¶ 47]; *Barton*, [Doc. 147, ¶¶ 65-67]; *D&J*, [Doc. 1-1, ¶¶ 7, 61]; and *Arnold*, [Doc. 1-2, ¶ 93].

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the moving party's motion for summary judgment. *Id.*

If the movant satisfies its burden, however, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## II.   Analysis

In the instant Motion, Dresser moves the Court to enter an order finding that: (i) "contamination of usable groundwater exists which poses a threat to public health,

and that evaluation or remediation is required to protect usable groundwater;" and (ii) Dresser is the responsible party. [*Barnes*, Doc. 220-1, p. 5]. Dresser further moves the Court to adopt the Groundwater Act-related schedule set forth in its August 1, 2024, submission, resolving all Groundwater Act-related issues in a consolidated fashion across all Related Cases. *Id.* Plaintiffs oppose the Motion on grounds the Groundwater Act procedures cannot be implemented because there has been no finding of liability on any underlying private cause of action. The Court addresses the arguments of the parties in turn.

As a preliminary matter, the Court notes that – as is required to trigger application of the Groundwater Act – the Related Cases are actions wherein the Plaintiffs have made "a judicial demand which includes a claim to recover damages for the evaluation and remediation of any contamination or pollution that is alleged to impact or threaten usable ground water…" La. R.S. § 30:2015.1(B). Therefore, by virtue of their claims, the Related Cases come within the purview of the Groundwater Act. *Id.* Furthermore, pursuant to the express terms of the Groundwater Act, its protocols may be implemented by a court either before trial or after trial. Here, because Dresser seeks application of the Act prior to the October 28, 2024, Bellwether Trial, subsection "C" of the Groundwater Act applies, providing that:

> C. (1) If, prior to judgment on the merits, a party admits responsibility or the court makes a determination that contamination of usable ground water exists which poses a threat to the public health, and that evaluation or remediation is required to protect usable ground water and determines the responsible party, the court shall either order the responsible party or a court-appointed expert to develop a plan for evaluation or remediation of the contamination. The court shall also consider any plan submitted by the plaintiff. The court shall order the Department of

> Environmental Quality to respond to any plan submitted within sixty days from the date of submission.
>
> (2) Within sixty days of the submission of a plan as provided in Paragraph (C)(1) of this Section, any other party may file written objections to or request modification of the plan or submit an alternative plan. If proposed modifications to the plan or an alternative plan is filed by any other party, the court shall order the Department of Environmental Quality to respond within sixty days from the date of submission.
>
> (3) After hearing, the court shall adopt or structure a plan which the court determines to be the most feasible plan to evaluate and remediate the contamination and protect the usable ground water consistent with the health, safety, and welfare of the people. Upon adoption of the plan, the court shall order the responsible party to fund implementation of the plan and shall order the estimated cost of implementation deposited in the registry of the court.
>
> (4) No plan shall be adopted by the court without the court having provided the Department of Environmental Quality an opportunity to provide input into the formulation of the plan and without the court having given consideration to any input provided by the department.

La. R.S. § 30:2015.1(C)(1)-(4). Thus, according to the express language of the Act, prior to a judgment on the merits, the Groundwater Act may be triggered if *either*: (i) a party admits responsibility; *or* (ii) the court makes a determination that contamination of usable ground water exists which poses a threat to the public health, and that evaluation or remediation is required to protect usable ground water and determines the responsible party." *Id.* (emphasis added).[5]

---

[5] Alternatively, the Groundwater Act may be applied based on a post-trial determination by the Court of the same factual predicates. *Id.* at § 30:2015.1(D). Absent a party admission, application of the Groundwater Act is predicated on a finding by the Court, *Id.* § 30:2015.1(C)(1), (D), not a jury. *See Simoneaux v. Amoco Prod. Co.*, 860 So. 2d 560, 576 (La. App. 1st Cir. 2003) (holding that the Groundwater Act "requires a finding by a court that contamination exists which poses a threat to public health requiring an evaluation or remediation to protect usable ground water. A finding of liability by a jury does not equate to ground water contamination or automatically trigger the provisions of the Act.").

Here, the parties have stipulated that "[t]he presence of TCE in usable groundwater in the vicinity of the Dresser Facility in excess of RECAP screening standards necessitates evaluation or remediation to protect usable ground water in accordance with Louisiana Revised Statutes section 30:2015.1," and that "Dresser, LLC is a "responsible party" under Louisiana Revised Statutes section 30:2015.1." *See Joint Stipulations*, [Doc. 182, ¶¶ 11-12]. These factual stipulations satisfy three of the four requirements under the Groundwater Act, that is: (i) that the groundwater at issue is "usable" per the statute; (2) that evaluation or remediation is required to protect usable groundwater; and (3) that Dresser is a "responsible party" under the Act.

Moreover, the fourth requirement – that contamination of usable groundwater exists which poses a threat to public health – is satisfied by ample uncontroverted summary judgment evidence in the record. [*See* Docs. 220-4 – 220-10]. For example, Dresser's very participation in the LDEQ RECAP[6] program, the stated purpose for which is "to address risks to human health and the environment posed by the release of chemical constituents to the environment," [Doc. 220-8], is evidence that the groundwater plume in this case poses a threat to public health. In its Site Investigation Report, Dresser classifies the Dresser contamination site as "Group III" under RECAP, which indicates a "long-term threat to human health and the environment." [Doc. 220-4, p. 23]. The record also contains testimony and documentary evidence consistent with the existence of a potential threat to human

---

[6] RECAP is the Risk Evaluation Corrective Action Program administered by the LDEQ.

health. Dr. Rosalind Green, an Environmental Health Scientist Supervisor at the Louisiana Department of Health ("LDH"), testified at her deposition that "[a]s long as the TCE plume is present within the community, if there are areas where the plume comes into contact with humans, then it could pose a potential health risk." [Doc. 220-5, p. 4]. The LDEQ also sent a letter to property owners and residents within the vicinity of the contamination plume, providing notice that "environmental contamination has been detected in the vicinity of your property/residence."[7] [Doc. 220-7]. Likewise, Carey Dicharry, an LDEQ Geologist Supervisor who oversaw much of Dresser's investigation and remediation efforts, testified at the hearing on the Motion for Preliminary Injunction in the *Hyatt* matter that constituent concentrations (here, TCE) in certain portions of the groundwater plume are well in excess of EPA maximum contaminant levels ("MCLs") under Environmental Protection Agency ("EPA") guidelines. [Doc. 220-10, pp. 3-4]. Finally, on February 3, 2020, LDH sent a letter to residents in the vicinity of the Dresser Facility warning that "TCE has been detected in the groundwater below your neighborhood," and that "[e]xposure to TCE can impact your health." [Doc. 220-6]. The foregoing evidence – the veracity of which is not disputed by the Plaintiffs – is more than sufficient for the Court to find that TCE contamination of the groundwater in and around the Dresser Facility poses a threat to public health.

---

[7] The letter goes on to state that "[c]urrently, the LDEQ has no evidence of exposure to the public to any of these chemicals. However, in order to fully inform yourself on this matter, please see the attached information regarding potential health effects of the contaminants found in groundwater. It should be noted that symptoms similar to those of chemical exposure may be caused by other sources." [Doc. 220-7].

Plaintiffs' arguments against the Court's application of the Groundwater Act are without merit. While the Court agrees that the Groundwater Act expressly does not create a separate cause of action, *Thomas v. A. Wilbert & Sons, LLC*, 217 So. 3d 368, 383–84 (La. App. 1st Cir. 2017), there is nothing in the Groundwater Act itself that requires the entry of judgment on any private cause of action claim before the remediation process can begin. Indeed, the Act expressly contemplates its application and the implementation of its procedures <u>prior</u> to judgment on the "private" claims in any underlying actions.

Upon its pre-trial invocation, the Groundwater Act then outlines a detailed procedure courts must employ to begin the evaluation and remediation process under court supervision and in coordination with the LDEQ. Upon completion of this process, Louisiana law requires the Court to "order the responsible party to fund implementation of the [remediation] plan and shall order the estimated cost of implementation deposited into the registry of the court." La. R.S. § 30:2015.1(C)(3). In effect, by ensuring monies owed for remediation are paid into the registry of the Court and expended under the Court's supervision pursuant to a court-approved plan, the Act ensures that remediation funds are actually used to remediate the contamination. The Court finds the procedures set forth in the Groundwater Act are clearly written and are wholly consistent with its purpose – to promote the "health, safety, and welfare" of Louisiana citizens. La. R.S. § 30:2015.1(A).

For these reasons, the Court finds that there is no genuine dispute of material fact regarding the applicability of subsection C of the Groundwater Act. The Court

therefore enters a judicial finding that: (i) Dresser has admitted responsibility for contaminating usable groundwater with TCE in and around the Dresser Facility; and (ii) that this groundwater contamination poses a threat to the public health. All of the requirements for pre-trial application of the Act have therefore been satisfied, and implementation of the Act's procedures is required pursuant to La. R.S. § 30:2015.1(C).

## CONCLUSION

Considering the foregoing,

IT IS HEREBY ORDERED that Dresser's RENEWED MOTIONS FOR PARTIAL SUMMARY JUDGMENT is GRANTED in all Related Cases [*Barnes*, Doc. 220; *Barrett*, Doc. 147; *Cook*, Doc. 139; *Petty*, Doc. 101; *Barton*, Doc. 228; *D&J*, Doc. 122; and *Arnold*, Doc. 57], and the following ORDERS are entered consistent with La. R.S. § 30:2015.1(C):

1. On or before **October 16, 2024**, Dresser shall develop and file with the Court a plan for evaluation and remediation of the groundwater contamination located at the Dresser Facility and the surrounding areas (the "Dresser Plan").

2. On or before **October 16, 2024**, any Plaintiff in the Related Cases may also file a plan with the Court for evaluation or remediation of the contamination (the "Plaintiffs' Plan").

3. On or before **December 11, 2024**, LDEQ shall respond to any Plan submitted by either Dresser or the Plaintiffs, or both.

4. On or before **December 11, 2024**, any other party may file written objections to any Plan submitted by either Dresser or the Plaintiffs, or request modifications of those plans, or submit an alternative plan.

5. If any proposed modifications are submitted to any plan filed by either Dresser or the Plaintiffs, or if any other party submits an alternative plan, LDEQ shall respond on or before **February 5, 2025**.

6. On **February 25, 2025, at 10:00 a.m.**, this Court will hold a hearing to adopt or structure a plan which the Court determines to be the most feasible plan to evaluate and remediate the contamination and protect the usable groundwater consistent with the health, safety, and welfare of the people. After the hearing, the Court will order Dresser to fund implementation of the plan and will order the estimated cost of implementation deposited in the registry of the court.

IT IS FURTHER ORDERED that this Order shall be served on the LDEQ by the Clerk of Court.

IT IS FURTHER ORDERED that on the same date any plan, objection, or proposed modification related to the evaluation and remediation of the groundwater contamination located at the Dresser Facility is filed with the Court, it shall also be served on the LDEQ by the filing party.

THUS, DONE AND SIGNED in Chambers on this 21st day of August 2024.

                                        DAVID C. JOSEPH
                                        UNITED STATES DISTRICT JUDGE